LF 028
(Rev. 11/04/2019)

## PRISONER CIVIL RIGHTS COMPLAINT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 28 2020

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

**DAVID ZAVALA #01574-120**

(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)

-vs-

**Warden, William L. Wood,
et al., in their individual &
official capacity.**

(Enter above the full name of the defendant(s).)

# 1:20-CV-4416

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the Court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

I.    **Previous Lawsuits**

A.    Have you filed other lawsuits in federal court while incarcerated in any institution?

Yes ( ✓ )    No ( )

B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit:

Plaintiff(s):    **DAVID ZAVALA, Pro Sé**

1

LF 028
Rev. 11/04/2019

Defendant(s): _TIMOTHY C. WARD et al, in their official & individual capacities._

2.    Court (name the district):
_US Middle District of Georgia_
_Macon Division_

3.    Docket Number:    _5:19-CV-00383-TES-CHW_

4.    Name of judge to whom case was assigned: _Charles H. Weigle_

5.    Did the previous case involve the same facts?

Yes (✓)    No (  )

6.    Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):
_Case still pending. (Discovery)_

7.    Approximate date of filing lawsuit: _September/23/2019_

8.    Approximate date of disposition: _Pending._

## II.    Exhaustion of Administrative Remedies

Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Place of Present Confinement:    _Atlanta United States Pen._

B.    Is there a prisoner grievance procedure in this institution?

Yes (✓)    No (  )

C.    Did you present the facts relating to your complaint under the institution's grievance procedure?

Yes (  )    No (✓)

D.    If your answer is YES:
1.    What steps did you take and what were the results?
_N/A_

2

II. Statement of Claims Continued...

9.) Dr. Spindle assured Plantiff he would come back & assess him within the month. To this date he has not been attended by Defendant Spindle or any other eye-doctor.

10.) Weeks later Zavala was released back to DCU-1. After a couple months of patience he began submitting Medical request on cop-outs to no avail.

11.) These cop-outs were handed to several diffrent medical personel.

12.) Plantiff is certain that on Feb/27/2020, from approx 12pm to 2pm, he stoped RN Ms. Tesh in DCU-1 to request medical attention for his eyes & vent his frustrations about the indiffrence to his medical need. This being one of the many times defendant Tesh assured Plantiff "he was on a list to be seen soon & he had to be patient".

13.) Zavala also remembers Ms. Tesh making this promise "to be seen soon", on Jan/16/2020, while escorting him to a consult with Dr. Winston.

14.) on this day defendant Winston did not address Plantiffs eye issues. He only wanted to check Zavala for flu symptoms. However, plantiff felt the need to have his eye issues addressed on site.

II. Statement of Claims Continued...

15.) Dr. Winston refused to have a look at plantiffs eyes, stated he was not an eye doctor, instructed him to write a cop-out, & dismissed him from the consultation room disregarding his serious medical need.

16.) During the months of April, May, June, & July Zavala continued to submitt these hand written medical request, to no avail. He respectfully approached his counselor requesting forms to submitt his grievances. Every other week he was told there were no forms available & instructed to submitt complaints via email through the "Trulincs System".

17.) Through-out 2020 Zavala submitted numerous medical request & grievances to several BOP officials through his "Trulincs" account.

18.) To his best recollection the emails were sent to: Warden Woods, Assistant Warden Grimes, Assistant Warden Moreno, & Assistant Warden/Director of Medical Mr. Massingale. Each BOP official ignored plantiffs serious medical need & grievances via email.

19.) Through-out 2020 DCU-1 Lt. Odiambo also ignored Plantiffs numerous verbal medical request in person. The latest of these instances was Aug/10/2020 while temporarily housed in DCU-2. His eye was blood-shot

II. Statement of Claims Continued...

red.$ the pressure in his eyes was causing excrushiating pain. Odiambo refused to escort plantiff to medical or get help.

20.) Zavala was moved back to SHU on Aug/12/2020. He continued to submitt cop-outs requesting urJent medical attention.

21.) On Aug/25/2020 Zavala was pulled out of SHU "side pocket" cell L-120 by officer Lee. He was escorted to the SHU infirmary $ examined by RN Ms. Crossley.

22.) After being treated for a severe rash Zavala informed defendant Crossley he was in excruciating eye-pain $ that his condition had been ignored all year.

23.) After a brief moment Crossley argued to plantiff that he was lying $ wasting her time because records showed he had been seen by the eye doctor on Aug/13/2020.

24.) Ms. Crossley refused to take a look at plantiffs irritated eye $ dismissed him in a rude like maner disregarding his pain $ suffering.

25.) In fact whatever record, if any, that plantiff was seen on Aug/13/2020 is false. He can prove through SHU camara footage that @ no time on that or any day was he approached by or pulled out to see anyone other than a DHO $ not an eye doctor.

VI. Statement of Claims continued...

26.) Approximately 5 weeks from the drafting of this complaint plantiff was able to obtain 2 BP-10 grievance forms from another inmate in SHU. These are supposed to be provided upon request from staff who have dliberately failed to do so.

27.) On Aug/27/2020 several administrators, including defendants Wood & Moreno, came into SHU for a walk through inspection. Plantiff had posted notice on his window of on-goin civil violations & that he was in need of submitting grievance forms in hopes of obtaining relief. Staff members read the note thoroughly, gave him sour looks, & avoided his cell.

28.) On Sep/3/2020 in the afternoon hours counselor Huston refused to take Zavalas grievance forms & issue reciepts.

29.) The following day, Sep/4/2020, during inspection interim warden Nash ordered administrator Ms. Whitehead to address the grievance forms & make sure they got filed. Ms. Whitehead read over the forms & walked away without issueing reciepts. Zavala became frustrated & began knocking on his door. Ms. Whitehead returned & stated "she would inform the eye-doctor of his medical need but could not accept the forms". They were given back to Plantiff without signitures.

VI. Statement of Claims Continued...

30.) Agian on Sep/18/2020 Plantiff attempted to submitt formal grievances seeking an administrative remedy only to have Nash & Whitehead avoid his cell; & unit manager Mr. Hardin state that "It was councelor Jackson's Job to deal with that" while having full knowledge Jackson is a DCU-1 councelor & seldomly, if ever, does rounds in SHU.

31.) Zavala continues to submitt hand written Med Request however his administrative remedies are being diliberately obstructed making them un-available. This can & will be corroborated with SHU camara footage.

32.) The acts & omissions violate plantiffs right to be free from cruel & unusual punishment under the VIIIth amendment of the U.S.C.

33.) Zavala has no plain, adequate or complete remedy at law to redress the wrongs described herein. Zavala has & continues to be irrapairably injured by the conduct of defendants unless this court grants the relief which Plantiff seeks. ——————————— End of Statement.

Respectfully

ZAVALA

Pro se Plantiff.

LF 028
Rev. 11/04/2019

damage due to stress & hopelessnes from this dilibaratte indifrence to his serious medical need.
5.) Plantiff demands his right to a Jury trial.
6.) Recovery of cost in this suit and,
7.) Any additional relief this court deems Just, Proper, & equitable.

Signed this ___19th___ day of ___September___, 20 20.

_____
Signature of Plaintiff

**STATE OF** ___Georgia___
**COUNTY (CITY) OF** ___Atlanta, Fulton___

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** ___9/19/2020___
                        (Date)

_____
Signature of Plaintiff

6

LF 028
Rev. 11/04/2019

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

VIIIth admendment right to be free from cruel & unusual punishment. (Medical indiffrence)

## V.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

( ) Pretrial detainee
( ) Immigration detainee
( ) Convicted and sentenced state prisoner
( ) Convicted and sentenced federal prisoner
(✓) Other *(explain)* Convicted by the state but pending fed charges.

## VI.  Statement of Claim

State here as briefly as possible the facts of your case. Tell the court <u>WHAT</u> you contend happened to you, <u>WHEN</u> the incident(s) you complain about occurred, <u>WHERE</u> the incident(s) took place, <u>HOW</u> your constitutional rights were violated, and <u>WHO</u> violated them. **Do <u>not</u> give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

COMES NOW, Plantiff David Zavala, in this pro-sé style civil action, swearing under oath & penalty of purjery that the following allegations are true & based on the best recollection of facts:

1.) Plantiff was transferd from GDOC to BOP custody on Dec/18/2019. Upon arrival @ USP of Atlanta he made RN.Harris aware that he sufferd from a severe case of "Katotocomus" & was particuly blind due to lack of adequate contact lenses. She adviced him to be patient & informed he would be assessed by an eye-doctor within the week.

2.) On the night of Dec/18/2019, for unexplained reasons, Lt.Odiambo & another unknown Lt. moved Plantiff from pre-trial dorm DCU-1 to SHU, cell #~~~~~ 210 or 211.

3.) During this transition Zavala informed Odiambo that he was deprived of his eye meds & adequate contact lenses, that not only was he walking around blind, but also in pain

4

LF 028
Rev. 11/04/2019

due to pressure in his eyes. Plantiff was denied medical care.
4.) Instead Lt. Odiambo instructed him to "wait until tomorrow to put in a "cop-out" (Hand written Med Request).
5.) USP Atlanta has a custom of making inmates write their Medical Request on regular paper & submitt to medical personel in person.
6.) On eighther Dec/19 or 20th an unidentified white male, who plantiff belives was Dr. Spindle, approached his cell in SHU. Plantiff made this supposed "eye doctor" aware he suffered from "Karotocomus", was in pain, & could not see due to lack of contacts.
7.) Defendant Spindle claimed BOP could not provide him contacts even after plantiff explained thoroughly why they were essential for his eye-sight & stabilization of his Karotocomus.
8.) Dr. Spindle never pulled plantiff out of his cell or made the slightest attempt to assess his medical need. Zavala requested to be seen immediately by a proffesional optometrist/ophtamologist.

_____(See Attached pages) (paragraphs 9-33)_____

## VII.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Prolonged deprivation of eye-sight, exacerbation of "Katorocomus" & irreparable damage to cornea, as well as psychological injuries.

## VIII.  Relief

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.  If requesting money damages, include the amounts of any actual and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Wherefore, Plantiff respectfully prays this Court grants:
1.) An immediate preliminary injunction ordering BOP officials to have him assesed & treated by an outside specialist.
2.) A declaration that the acts & omissions herein violate his rights under the the Constitution & laws of the USA.
3.) Compensatory damages in the amount of $130,000. agianst each defendant, Jointly & severally.
4.) Punitive damages in the amount of $70,000. agianst each responcible defendant, Jointly & severally.
The basis for these claims amount to: the prolonged time Plantiff has spent deprived of his eye-sight, the exacerbation of his "Katotocomus" & irreparable damage caused to his cornea, & psychological

LF 028
Rev. 11/04/2019

2.    If your answer is NO, explain why not: Plantiff is currently in "SHU". His grievance forms have been obstructed each & every way possible.(Remedy unavailable)

### III.    Parties
(In item A below, place your name in the first blank and place your present address in the second blank.)

A.    Name of Plaintiff:  David Zavala #01574120

Address(es):  601 Mcdonough BLVD. SE Atlanta, GA, 30315

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B.    Defendant(s):  William L. Wood, in his individual & official capacities. (See Attached Page)

Employed as  Warden

at  USP Atlanta 601 Mcdonough BLVD. SE Atlanta, GA, 30315 (See Attached page)

### IV.    Basis for Jurisdiction
Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

(✓) Federal official (a *Bivens* claim)
(  ) State or local officials (a § 1983 claim)

3

III. Parties, B. continued...

Defendants:

1.) William L. Wood, in his official & individual Capacity as Warden of USP Atlanta.

2.) Mr. Grimes, in his official & Individual Capacity as Assistant Warden of USP Atlanta.

3.) Mr. Moreno, in his official & Individual Capacity as Assistant Warden of USP Atlanta.

4.) Mr. Massingale, in his Individual & Official Capacity as Warden/Director over medical.

5.) Dr. Spindle, in his official & individual Capacity as Eye-doctor of USP Atlanta.

6.) Dr. Winston, in his official & individual Capacity as General Doctor of USP Atlanta.

7.) Ms. TESH, in her official & individual Capacity as Registerd Nurse of USP Atlanta.

8.) Ms. Crossley, in her official & individual Capacity as Registered Nurse of USP Atlanta.

9.) Lt. Odiambo, in his official & individual Capacity as Lieutenant of USP Atlanta.

Each defendant was/is a Federal employee @ United States Penitentiary of Atlanta. 601 Mcdonough BLVD. SE Atlanta, GA, 30315