# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID ZAVALA,<br><br>   Plaintiff,<br>v.<br><br>GILBERT SPINDEL, JR. MD, AND LIEUTENANT PATRICK ODHIAMBO,<br><br>   Defendants. | **United States Northern District Court CAFN.**<br>1:20-CV-4416-SDG-RDC<br><br>**Court of Appeals No.**<br>24-10713-D |

**DEFENDANT GILBERT SPINDEL, JR. MD'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE JUDGMENT UNDER RULE 59(e) OR 60(b)**

## I.    INTRODUCTION

The care at issue occurred during the COVID-19 pandemic while Plaintiff David Zavala ("Plaintiff") was an inmate in USP Atlanta and Defendant Spindel ("Defendant") was an optometrist at the Prison's clinic. Plaintiff has since been transferred to USP Atwater (California). Defendant has since retired. Plaintiff's Complaint alleges that Defendant was deliberately indifferent to the Plaintiff's ophthalmic needs.

Defendant timely Answered the Complaint on May 30, 2023 and denied that he was deliberately indifferent. (Doc. 52). Contemporaneous with the filing of his Answer, Defendant moved to dismiss the case.  Plaintiff never objected to the

Motion to Dismiss. Plaintiff never sought any extension of time to do respond to the Motion to Dismiss. Plaintiff does not dispute that he never responded to the Motion to Dismiss or that he never sought any extension of time to do so.

On January 18, 2024, United States Magistrate Judge Cannon issued a final report ("R&R") recommending that Defendant's Motion be granted with prejudice. (Doc. 66). No objections were filed by Plaintiff to the Magistrate's R&R, nor did Plaintiff seek any extension of the time allowed by law to file any objections. On February 8, 2024, the District Court reviewed the Magistrate's R&R for plain error and found none. (Doc. 69). The Motion was granted and the action was dismissed. (Doc. 70).

Five days later (February 13, 2024), Plaintiff—for the first time-- moved for an extension of time to respond to the R&R. He offered no excuse as to why he waited until after the time to respond had expired before he sought the additional time. (Doc. 71). On March 6, 2024, Plaintiff filed a Notice appealing the dismissal. (Doc. 72). The Notice of Appeal was transmitted to the Eleventh Circuit on March 7, 2024 (Doc. 73).[1] It is still pending.

Plaintiff filed the instant Motion on March 14, 2024, asking that the Judgment be vacated or amended. (Doc. 76).

---

[1] Plaintiff's Motion says that the Notice of Appeal was filed on February 28.(Doc.76). It was not filed on that day. The Notice was filed on March 6, 2024. (Doc. 72). This issue is not relevant to the instant Motion practice, but Defendant simply seeks to correct an inaccuracy in the record.

## II. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff relies on Rule 59 (e) and Rule 60 (b) as support for his argument.

Rule 59 (e) applies to a Motion for a New Trial. Rule 59(e) requires that any such Motion be filed within 28 days after the entry of the Judgment. The Judgment was filed on February 8. The Motion was not filed until March 14. Because this Motion was untimely, Rule 59 (e) serves as no basis for vacating the dismissal.

Rule 60(b) allows for relief from judgments if any of the following conditions are met: 1) mistake, surprise, fraud or excusable neglect; 2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b); 3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed has been revered or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief. *See*, Rule 60(b).

No claim is made that the judgment was obtained through fraud. No new evidence exists. The judgment has not been satisfied, vacated or reversed. *Id*.

Plaintiff offers no explanation as to why he failed to file any objection to the Motion to Dismiss other than arguing he was stopped by a conspiracy within the California Bureau of Prisons. (Doc. 76). Defendant, an optometrist in Atlanta,

would have no role in such a conspiracy nor does Plaintiff assert any such claim as to Defendant. *Id.*

Plaintiff next argues that the oversight subject to Rule 60 (b)(1) is *attributable to the Court* (emphasis added). Plaintiff does not plead any mistake or inadvertence on his part. He does not plead any fraud by *Defendant* (emphasis added) leading to the Court's oversight. Rather, he claims that he was served with the R&R on February 1, 2024 –seven-days-prior to the February 8, 2024 deadline to respond— and admits that he failed to act until his time to do so had expired. *Id*. Even assuming arguendo that he was served with the R&R on February 1, 2024 and not on January 18, 2024,[2] Plaintiff had seven days to file his objection, but he did not do so.  He failed to seek any extension of time to respond until the deadline had passed, until the Court had adopted the R&R and until the Court terminated the case although he could have moved to do so if he chose to.

Plaintiff's last-ditch effort to salvage this case lays blame on his lack of timeliness on his pro se status and on his incarceration in a secured prison in California. He  attaches various notices to his Motion. (Doc. 76).  The notices are dated January 17, 2024 and offer no insight as to why, if Plaintiff received the R&R on February 1, 2024 as he claims, he failed to timely respond by February 8, 2024. *See*, *Id*.

---

[2] All we have is Plaintiff's word on this point.

Accordingly, since Plaintiff has not met his burden of proof pursuant to either Rule 59(e) or Rule 60(b), this Motion should be DENIED.

## III.  CONCLUSION

For the reasons set forth herein, this Motion should be DENIED.

Respectfully submitted this 21st day of March, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Beth W. Kanik*
JOHN E. HALL, JR.
Georgia Bar No. 319090
BETH W. KANIK
Georgia Bar No. 406346

191 Peachtree Street, NE, Suite 2900      *Counsel for Defendant Gilbert D.*
Atlanta, Georgia  30303                                   *Spindel, Jr., MD*
Phone:  (404) 954-5000
Fax:  (404) 954-5020
jhall@hallboothsmith.com
bkanik@hallboothsmith.com

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the above counsel for Defendant Gilbert D. Spindel, Jr., MD certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID ZAVALA,<br><br>    Plaintiff,<br>v.<br><br>GILBERT SPINDEL, JR. MD, AND LIEUTENANT PATRICK ODHIAMBO,<br><br>    Defendants. | **United States Northern District Court CAFN.**<br>1:20-CV-4416-SDG-RDC<br><br>**Court of Appeals No.**<br>24-10713-D |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT GILBERT SPINDEL, JR. MD'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE JUDGMENT UNDER RULE 59(e) OR 60(b)** upon the following through the CM/ECF E-filing system and/or via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

| | |
|---|---|
| David Zavala<br>#01574120<br>United States Penitentiary of Atwater<br>P.O. Box 019001<br>Atwater, CA 95301<br>*Pro Se* | Lisa Northrop<br>Swift, Currie, McGhee & Hiers<br>1420 Peachtree Street<br>Suite 800<br>Atlanta, GA 30309<br>404-888-6147<br>lisa.northrop@swiftcurrie.com<br>*Counsel for Defendant Gilbert D. Spindel, Jr., MD* |

Sharon Alice Lim
Gabriel A. Mendel
U.S. Attorney's Office, Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Dr. SW
Suite 600
Atlanta, GA 30303
404-581-6000
sharon.lim@usdoj.gov
gabriel.mendel@usdoj.gov
*Counsel for Defendant Lieutenant Patrick Odihambo*

Respectfully submitted this 21st day of March, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Beth W. Kanik*
JOHN E. HALL, JR.
Georgia Bar No. 319090
BETH W. KANIK
Georgia Bar No. 406346

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia  30303
Phone:  (404) 954-5000
Fax:  (404) 954-5020
jhall@hallboothsmith.com
bkanik@hallboothsmith.com

*Counsel for Defendant Gilbert D. Spindel, Jr., MD*